IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RONALD JAMES FOSTER, JR.,** | ) | **CASE NO. 5:23 CV 1309** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **MIKE DEWINE, _et al._,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This case is before the Court on Defendants' Motion to Dismiss (Doc. No. 7).  Plaintiff

opposed the Motion (Doc. No. 12).  For the reasons stated below, the Motion is granted and this

case is dismissed.

**Factual and Procedural Background**

Plaintiff's Complaint is difficult to decipher.  Due to the manner in which Plaintiff

organized his thoughts, it is difficult to determine the chronology of the events described.  He

indicates that in 2022, he was employed as a Unit Manager at the Ohio Indian River Juvenile

Correctional Facility.  He alleges that there were numerous security concerns involving inmate

gang members.  He states he was assaulted by two of these inmates at the facility on June 9, 2022

and sustained permanent injuries.  He contends this was not an isolated incident of violence in

the Indian River Juvenile Correctional Facility, and other staff and youth inmates were targeted

for attacks.  He alleges youth inmates reported that high ranking Correctional Facility staff

members shared details of confidential conversations concerning Heartless Felon gang activity with the gang members they had implicated. Plaintiff also alleges that gang members were given special privileges by these officials. He claims this placed both inmates and staff in danger.

Plaintiff claims that he first submitted a report of his concerns to Department of Youth Services Assistant Director Ginine Trim. He bypassed the leadership within the prison as these individuals were named in his report as providing preferential treatment to gang members. He claims Trim initially attempted to dissuade him from filing a written report, and suggested they discuss his concerns in person. After he declined this offer and sent his report, he contends Trim failed to take any action on his allegations. Instead, Trim classified the report as an Equal Employment Opportunity ("EEO") allegation. Plaintiff claims the report did not contain any EEO allegations. The report was referred to human resources for an EEO determination. Plaintiff claims that the Human Resources Manager tried to transfer him to the Cuyahoga Hills Juvenile Correctional Facility in Highland Hills, Ohio, but Plaintiff declined, saying that relocation would present an undue hardship for him. He claims that the Human Resources Manager told him that he could transfer in the future if he changed his mind. He alleges that when he later requested transfer to the Cuyahoga Hills Juvenile Correctional Facility for safety reasons, Trim denied the move, stating that Plaintiff was not in any danger and should act professionally. Plaintiff alleges he made several attempts to speak with Trim, but she refused to return his telephone calls. On September 2, 2022, she sent a text message to his personal phone saying she would return his calls when she returned from her vacation.

Dissatisfied with the lack of response from Trim, Plaintiff sent a lengthy report to Department of Youth Services Director Amy Ast on September 21, 2022, alleging serious safety

-2-

concerns and detailing the allegations of major misconduct by high ranking staff at the facility. He attached letters from youth inmates indicating they were afraid for their lives due to conditions within the prison. Plaintiff also included allegations against Trim in his report to Ast.

The allegations in the report were sufficiently serious that Ast requested the Chief Inspector's office to investigate the allegations. Plaintiff alleges the Indian River Juvenile Correctional Facility Superintendent James Darnell, the Direct Deputy Superintendent Charles Wilson and the Gang Intervention Specialist Shawn Anders were placed on administrative leave pending the result of the investigation. Four days after Plaintiff submitted the report, inmates attempted to riot and temporarily gained control of a portion of the facility. They instigated another riot on October 22, 2022.

Plaintiff alleges that although Ast acted on his report, she retaliated against him for submitting it by prompting the Chief Inspector to investigate him as well as the others named in the report. Plaintiff also claims the Chief Inspector provided a copy of his confidential report to the subjects of that report arguably placing him in danger. He states Ast provided a copy of the report to Trim, knowing that the report contained allegations against her.

Plaintiff claims Trim also retaliated against him for filing the report and including allegations against her. He claims Trim initially offered him reassignment to a local library, the Department of Youth Services Central Office or the ODRC until the investigation into his report was completed. He states she also indicated to him that the Deputy Director of Facility Support, Chris Freeman, would work him to provide him with a work itinerary. Plaintiff contends that after Trim learned about her implication in the report, she informed Plaintiff that she, and not Freeman, would be providing him with his work itinerary. She told him she would meet with

-3-

him in the library the following day, September 22, 2022. Plaintiff does not allege whether he met with Trim as planned. He states that on September 23, 2022, Trim sent him a text telling him to "enjoy his vacation." He does not provide additional information regarding his time away from the office; however, he states that on September 26, 2022, he submitted a request for emergency leave. He claims that leave request was approved by Trim.

Plaintiff remained on leave through October 2022. He indicates that there was an order excluding him from work and preventing him from entering the facility. He also mentions a two day suspension related to the investigation. He does not elaborate on these allegations. He claims that in November 2022, Trim directed executive staff to send him a certified letter demanding that he immediately return to work and canceling his leave. Plaintiff claims Ast terminated his employment on November 25, 2022, and listed the reason for termination as job abandonment. Plaintiff contends this made him ineligible for unemployment benefits.

Plaintiff asserts that the Defendants retaliated against him for filing his reports, in violation of Title VII, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Defendants filed a Motion to Dismiss, asserting that Plaintiff failed to state a claim upon which relief may be granted under these two statutes. They contend that the claims asserted against the Defendants in their individual capacities fail because the individual Defendants do not meet the statutory definition of "employer" under either Title VII or the ADEA. They contend that the claims asserted against the Defendants in their official capacities also fail because Plaintiff has not alleged facts suggesting the Defendants engaged in conduct prohibited by either of these statutes. They also argue that the Defendants are immune from damages under the Eleventh Amendment for Plaintiff's ADEA claims. Plaintiff responded to

their Motion by insisting that his claims under Title VII and the ADEA were proper and that he had stated a viable cause of action.

## Standard of Review

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) further explained the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.* The Sixth Circuit has

held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### Discussion

Plaintiff fails to state a claim for relief under either Title VII or the ADEA. As an initial matter, Plaintiff cannot bring either of these claims against the Defendants in their individual capacities. Title VII provides that it is unlawful for an employer to discriminate against an individual because of that individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). For purposes of Title VII, an employer is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person ...." 42 U.S.C. § 2000e(b). An individual employee/supervisor who does not otherwise qualify as an "employer" may not be held liable under Title VII. *Wathen v.. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997). The Sixth Circuit has applied the holding in *Wathen* to claims brought under Title VII's sister civil rights statutes, including the ADEA. *See Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir.1999); *Liggins v. State of Ohio*, No. 99-3535, 2000 WL 178420 * 2 (6th Cir. Feb. 8, 2000 )(stating that named defendants, sued in their individual capacity, were not included within the statutory definition of "employer" under the ADEA). None of the individual Defendants qualifies as Plaintiff's employer under either statute.

Plaintiff's claims against the Defendants in their official capacities are the equivalent of claims asserted against the State of Ohio. *Will v. Michigan Department of State Police*, 491 U.S.

-6-

58, 71 (1989). The State of Ohio and the Defendants sued in their official capacity are entitled to absolute immunity under the Eleventh Amendment for suits brought under the ADEA. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000).

Although Congress abrogated Eleventh Amendment immunity for Title VII claims by including States in the statutory definition of "employer," *Freeman v. Michigan Dep't of State*, 808 F.2d 1174, 1177–78 (6th Cir. 1987), Plaintiff fails to allege facts to state a plausible claim for relief under Title VII. While retaliation is actionable under Title VII, it must be retaliation for making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing into conduct that is prohibited by Title VII. 42 U.S.C. § 2000e–3(a). Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin with respect to compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e–2. Plaintiff is not claiming that the Defendants retaliated against him because he reported discrimination on the basis of race, color, religion, sex, national origin or age. Plaintiff admits in his Complaint that he "did not make any EEO accusations in his report." (Doc. 1-1 at PageID #: 10). There are no allegations in the Complaint that suggest Plaintiff has a viable retaliation claim under Title VII.

### Conclusion

Accordingly, Defendants' Motion to Dismiss (Doc. No. 7) is granted and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2023

-8-